IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MACARTHUR RAY CORDOVA,

    Petitioner,

v.                                                                   No. 19-cv-0790 RB-GBW

JOHN GAY, *Warden*
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on MacArthur Ray Cordova's 28 U.S.C. § 2254 Habeas Corpus Petition. (Doc. 1.) Cordova challenges a 2012 state order revoking probation. The Court previously directed Cordova to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations. Having reviewed his response and applicable law, the Court will dismiss the Petition as time barred.

**I.    BACKGROUND**

The background facts are taken from the Petition and the Cordova's state criminal dockets, Case Nos. D-202-CR-2009-02468; S-1-SC-34741; and S-1-SC-37468. Cordova attached several relevant state filings to his Petition and show-cause response, and the remaining documents are subject to judicial notice. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records").

In 2011, Cordova pled guilty to aggravated battery, illegal possession of a firearm, and

tampering with evidence. (Doc. 1 at 1, 17.) The state court initially sentenced him to 5.5 years imprisonment as a habitual offender. (*Id.* at 17.) All but one year was suspended, and with presentence confinement credit, Cordova was released on probation after the sentencing hearing. (*Id.*) In 2012, the state court revoked his probation and sentenced him to 19 years imprisonment. (*Id.* at 1, 17.) Although the instant Petition only challenges the revocation proceeding in D-202-CR-2009-02468, it appears the 19-year sentence reflects other offenses in other state cases. *See* D-202-CR-2009-02468, Revocation Order (Dec. 20, 2012).

Cordova filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed the Revocation Order. (Doc. 1 at 17.) The New Mexico Supreme Court (NMSC) denied certiorari relief. *See* S-1-SC-34741, Order Denying Cert. Pet. (July 31, 2014). The state docket reflects that Cordova did not appeal further.[1] *See* D-202-CR-2009-02468. The NMCA issued its final mandate on December 12, 2014, following expiration of the 90-day period for seeking certiorari review with the USSC. *See* D-202-CR-2009-02468, Mandate. The Judgment therefore became final, at the latest, on December 13, 2014. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where defendant fails to seek USSC review following state appeal, the conviction becomes final upon expiration of 90-day certiorari period).

On March 23, 2015, Cordova filed a state habeas petition. (Doc. 1 at 6); *see also* D-202-CR-2009-02468, Habeas Petition. The state court summarily denied the petition on the same day, finding the issues were previously addressed and rejected on appeal. *See* D-202-CR-2009-02468,

---

[1] Cordova checked "yes" in response to the question: "Did you file a petition for certiorari in the United States Supreme Court?" (Doc. 1 at 3.) However, he goes on to cite a NMSC appeal filed in 2019. *See* S-1-SC-37468. The Court discerns Cordova confused the United States Supreme Court (USSC) with the NMSC, and that he did not file a USSC certiorari proceeding.

Order on Writ of Habeas Corpus. The state docket reflects Cordova did not appeal the 2015 order denying habeas relief.² *See* D-202-CR-2009-02468. There was no case activity for over two years. *Id.* On November 13, 2017, Cordova filed a second state habeas petition. *See* D-202-CR-2009-02468 Habeas Petition. The state denied the second petition on December 19, 2018, and the NMSC denied certiorari relief by an Order entered February 27, 2019. (Doc. 1 at 16); *see also* D-202-CR-2009-02468, Order on Writ of Habeas Corpus.

Cordova filed the instant § 2254 Petition on August 29, 2019. (Doc. 1.) He argues his plea was not knowing/voluntary and that plea counsel provided ineffective assistance. By an Order entered June 2, 2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (Doc. 4); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). Cordova was directed to show cause why the case should not be dismissed. Cordova filed his show-cause response on June 11, 2020 (Doc. 5), and the matter is ready for review.

## II.    DISCUSSION

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)    While a state habeas petition is pending, § 2244(d)(2);

---

² Cordova again checked a box indicating he appealed the March 23, 2015 order denying state habeas relief. (Doc. 1 at 6.) However, he cites the earlier, direct appeal to the NMSC and lists the "date of the court's decision" as "July 31, 2014." It is therefore clear from the Petition that Cordova confused two types of appeals (*i.e.*, a direct appeal from the judgment and a certiorari appeal following the denial of habeas relief) and did not appeal the order denying state habeas relief.

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

Here, the limitation period began to run no later than December 13, 2014, when the conviction became final. *See Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001). Exactly 100 days elapsed before Cordova filed his first state habeas petition on March 23, 2015, which stopped the clock pursuant to § 2244(d)(2). The state court denied the petition the same day, and Cordova did not appeal that ruling. Accordingly, the first state habeas proceeding remained pending until April 22, 2015, when the 30-day appeal period expired in connection with the order denying habeas relief. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (The habeas limitations period is tolled through the expiration of the state appeal period); NMRA, Rule 12-501 (a writ of certiorari must be filed within 30 days after the state district court's denial of a habeas petition). "The next day"—April 23, 2015—"statutory tolling ceased," and the remaining "time for filing a federal habeas petition [here, 265 days][3] resumed . . . ." *Trimble v. Hansen*, No. 18-1490, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing complex tolling calculations in habeas

---

[3] The Court arrived at this figure by subtracting the number of days that initially elapsed (100) from the one-year period (*i.e.*, 365 days in a year - 100 days = 265 remaining days).

proceedings). The state court docket reflects there was no additional tolling activity during the next 265 days. Absent tolling, the one-year limitation period expired on January 13, 2016.

The Court explained the above principles in its Order to Show Cause and set forth the standards for statutory and equitable tolling. (Doc. 4.) The Order noted that if Cordova disputes the Court's calculations, he must point to the specific filing or portion of the timeline he believes is wrong. Cordova's show-cause response does not dispute the Court's reconstruction of the state court timeline. (Doc. 5.) Instead, he argues his § 2254 Petition is timely because he filed it within one year after the NMSC denied certiorari relief for the second time, on February 27, 2019. (Doc. 5 at 1–2) (citing certiorari order in Case No. S-1-SC-37468). As noted in the Background section, that NMSC order pertains to Cordova's second habeas petition filed on November 13, 2017 (*i.e.*, after expiration of the one-year period on January 13, 2016). *See* D-202-CR-2009-02468, Habeas Petition; S-1-SC-37468. A state habeas proceeding filed after expiration of the limitation period cannot restart the clock or otherwise impact the one-year period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).

It appears Cordova may also seek equitable tolling based on his misunderstanding of the one-year period. He asserts that "to [his] knowledge, [he] had a year from" entry of the second certiorari petition on February 27, 2019, to file this § 2254 proceeding. Equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). While the Court is sympathetic to Cordova's efforts, it is well settled

that ignorance of the law is not grounds for equitable tolling. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Clay v. Jones*, 491 F. App'x 935 (10th Cir. 2012) (Petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling.").

For these reasons, the Court concludes Cordova has not established grounds for tolling. The one-year limitation period expired on January 13, 2016, and the § 2254 proceeding filed on August 29, 2019, is time-barred. The Court will dismiss the Petition (Doc. 1) with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner MacArthur Ray Cordova's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE