IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MACARTHUR RAY CORDOVA,

    Petitioner,

v.      No. 19-cv-790 RB-GBW

JOHN GAY, *Warden*
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner MacArthur Ray Cordova's Motion to Reconsider. (Doc. 8.) Mr. Cordova asks the Court to reconsider its ruling dismissing his 28 U.S.C. § 2254 Habeas Corpus Petition (Petition) as untimely. Having reviewed Mr. Cordova's arguments, the record, and applicable law, the Court will deny the Motion to Reconsider.

**I.  Background**

The background facts, including the detailed timeline of state court filings, are set forth in the Memorandum and Opinion entered June 30, 2020. (Doc. 6.) The Court incorporates that Dismissal Ruling herein. To summarize, Mr. Cordova filed his Petition on August 29, 2019. (Doc. 1.) The Petition challenged his 2011 state sentences for aggravated battery, illegal possession of a firearm, and tampering with evidence. (*Id.* at 1, 17.) Mr. Cordova contends the plea was not knowing/voluntary and that plea counsel provided ineffective assistance. By an Order to Show Cause entered June 2, 2020 (OSC), the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (Doc. 4.) *See also Day v. McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted . . . to consider, *sua*

*sponte*, the timeliness of a state prisoner's habeas petition"). Specifically, the Court found that absent tolling, the one-year limitation period expired on January 13, 2016, over three years before he filed the federal Petition. (Doc. 4.) The Court set forth the state court timeline along with the standards for statutory and equitable tolling and directed Mr. Cordova to show cause, if any, why his Petition should not be dismissed as time-bared. (*Id.*)

Mr. Cordova timely filed a show-cause response, which did not dispute the Court's reconstruction of the state court timeline. (Doc. 5.) Instead, he urged the Court to accept his § 2254 Petition because "to [his] knowledge, [he] had a year" to file his federal claims after the New Mexico Supreme Court (NMSC) denied certiorari relief on February 27, 2019. (*Id.* at 1–2.) The NMSC order pertains to Mr. Cordova's second habeas petition filed on November 13, 2017 (*i.e.*, after expiration of the one-year period on January 13, 2016). *See* Habeas Petition in D-202-CR-2009-02468; Docket Sheet in Case No. S-1-SC-37468. The Court rejected this argument, as a state habeas proceeding filed after expiration of the limitation period cannot restart the clock or otherwise impact the one-year period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).[1] "It is [also] well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt [habeas] filing." *Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000).

---

[1] The United States Supreme Court created one exception to this rule. *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez v. Quarterman* exception is inapplicable here because Cordova's direct appeal period was never reopened.

For these reasons, the Court dismissed the Petition as time-barred, denied a certificate of appealability, and entered final Judgment on June 30, 2020. (Docs. 6; 7.) Mr. Cordova filed the Motion to Reconsider about ten days later, on July 9, 2020. (Doc. 8.)

## II.   Discussion

A motion to set aside a judgment filed within 28 days of its entry is generally analyzed under rule 59(e) of the Federal Rules of Civil Procedure. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

In his Motion to Reconsider, Mr. Cordova argues: (1) courts have given him "the run around since day one[;]" (2) he reads and writes at a second-grade level; (3) he has been challenging his convictions for nine years; and (4) he lacks counsel. (Doc. 8 at 1–3.) None of these arguments establish grounds for relief under Rule 59. Rather, they merely amplify Mr. Cordova's show-cause arguments regarding ignorance of the law. As previously explained, however, the Tenth Circuit is adamant that a petitioner's *pro se* status and misunderstanding of habeas requirements cannot overcome a time-bar. *See Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney

generally does not merit equitable tolling"); *Clay v. Jones*, 491 F. App'x 935 (10th Cir. 2012) (Petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling."). Accordingly, there are no grounds to reconsider the Dismissal Ruling, and the Court will deny the Motion to Reconsider.

**THEREFORE,**

**IT IS ORDERED** that Petitioner MarArthur Ray Cordova's Motion to Reconsider (**Doc. 8**) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE